UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JONATHAN TORRES-BONILLA, | : | |
| Petitioner, | : | Civ. No. 21-10242 (RBK) |
| v. | : | |
| LAMINE N'DIAYE, | : | **MEMORANDUM AND ORDER** |
| Respondent. | : | |

Petitioner, Jonathan Torres-Bonilla ("Petitioner" or "Torres-Bonilla"), is a federal prisoner currently incarcerated in Florida. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey, at the time he filed this action. Petitioner challenges at least in part the sanctions he received as the result of a prison disciplinary proceeding which included the loss of good time credits. Petitioner has also filed a motion for resolution of his case. (*See* ECF 12).

The United States Court of Appeals for the Third Circuit has explained:

> [f]ederal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20 (2008). When such a statutorily created right exists, "a prisoner has a constitutionally protected liberty interest in good time credit." *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-57, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). . . .
>
> [A] prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557.

*Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013) (footnote omitted). These minimum protections include "(1) advance written notice of the disciplinary charges; (2) *an opportunity* ...

*to call witnesses* and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (emphasis added) (citing *Wolff*, 418 U.S. at 563-67).

Further briefing may be necessary prior to ruling on Petitioner's habeas petition. Petitioner argues at least in part that he was prevented from presenting witness testimony at his prison disciplinary hearing. (*See* ECF 11 at 1-2). Respondent claims Petitioner waived his right to present witness testimony immediately prior to his disciplinary hearing. (*See* ECF 7 at 5). Petitioner counters though that he waived his right to present a witness only due to the duress and intimidation placed upon him by the disciplinary hearing officer who threatened Petitioner with additional possible sanctions if Petitioner did not plead guilty to the disciplinary charge. (*See* ECF 11 at 1-2).

Prior to ordering anything further on this due process claim or any other outstanding issue such as exhaustion, Petitioner shall have the opportunity to show he is indigent which may then allow this Court to appoint counsel to represent him. Given these circumstances, Petitioner's pending motion for resolution of his habeas case will be denied without prejudice.

Accordingly, IT IS on this 17th day of August, 2022,

ORDERED that Petitioner's motion for resolution of this case (ECF 12) is denied without prejudice as further briefing on some issues may be required; and it is further

ORDERED that the Clerk shall serve this memorandum and order along with a blank form by a prisoner applying to proceed *in forma pauperis* in a habeas corpus case (DNJ-ProSe-007-B(Rev. 09/09)) on Petitioner by regular U.S. mail; and it is further

ORDERED that Petitioner shall have thirty (30) days in which to apply to proceed *in forma pauperis*; should Petitioner not file an application to proceed *in forma pauperis* within thirty (30) days, this Court shall presume Petitioner wishes to proceed *pro se*.

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge