UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JONATHAN TORRES-BONILLA, | : | |
| Petitioner, | : | Civ. No. 21-10242 (RBK) |
| v. | : | |
| LAMINE N'DIAYE, et al., | : | OPINION |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.   INTRODUCTION

Petitioner, Jonathan Torres-Bonilla ("Petitioner" or "Torres-Bonilla"), is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner challenges how the Federal Bureau of Prisons ("BOP") is executing his federal sentence because he lost forty-one days of good time credits when he was found guilty during a prison disciplinary proceeding. Petitioner has also filed a motion for summary judgment. (*See* ECF 19). For the following reasons, Petitioner's motion for summary judgment is denied as is his petition for a writ of habeas corpus.

II.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey, when he filed this habeas action. According to prison incident report, on November 6, 2020, Officer Abowitz at F.C.I. Fort Dix witnessed Petitioner laying on his bed with what appeared to be a black cell phone. (*See* ECF 1-1 at 3). When Officer Abowitz approached, the incident report indicates that Petitioner tucked the phone under his body. (*See id.*). When Officer Abowitz ordered for Petitioner to get up, Petitioner refused. (*See id.*). When Officer Abowitz again ordered Petitioner

to get up, Petitioner through a cell phone away from his bed. (*See id.*). Officer Abowitz then retrieved the cell phone according to the incident report. (*See id.*).

Petitioner responded to the incident report by commenting that he did not have a phone and that he was listening to his MP3 player. (*See* ECF 7-4 at 7). Petitioner stated that he did not want to have a staff representative represent him at the disciplinary hearing. (*See id.* at 8).

On December 1, 2020, the Disciplinary Hearing Officer ("DHO") conducting a hearing to determine whether Petitioner was guilty of possession of a hazardous tool (cell phone). (*See* ECF 7-4 at 2-4). Documentary evidence at the hearing including a photograph of a black Samsung cell phone found while staff was conducting a search. (*See id.* at 3). The DHO found that Petitioner was guilty of the act charged. (*See id.*). The DHO relied upon the following as stated in the DHO report:

> Your due process rights were read, and reviewed with you by the DHO, at the time of your hearing, you stated you understood your rights, and had no documentary evidence to present. You did not request for the services of a staff representative, however you did request witnesses to provide testimony on your behalf.
>
> In addition, the DHO considered the considered the Notice of Discipline Hearing before the DHO Form BP=S294.052 signed by you annotated with your signature that you waived the inmate witness you requested during the UDC review. This was acknowledged with your signature, prior to the DHO Hearing.
>
> Based on some facts/evidence the DHO concluded the prohibited act of Possession of hazardous tool was committed. The DHO based his decision on the following evidence:
>
> The DHO based this finding upon the reporting officer's written statement; "On November 6, [ ] 020, I Officer Abowitz was posted as the Camp Officer in Charge. At approximately 02:00AM, I was conducting rounds inside of the B Wing dorm. During my rounds I witnessed an inmate, later identified as Torres-Bonilla, Jonathan Registration # 67190-004, laying/on his bed (V02-111L) with what appeared to be a black cell phone in his hand. The phone was lit up in use and reflecting off of his face. At that time I approached

> inmate Torres-Bonilla as he tucked the phone under his body. I ordered Inmate Torres-Bonilla to get up and he refused. I again ordered inmate Torres[-Bonilla] to get up, and before doing so he threw the cell phone down away from his bunk on to the floor. I retrieved the cell phone and then asked Inmate Torres-Bonilla for his ID to which he complied. The phone was taken back to my office and later turned over to the West Lieutenant's Complex for processing.  Inmate Torres-Bonilla was identified by use of his ID and Truscope."
>
> In addition to the previous written account of the incident, the DHO relied upon your statement during the DHO hearing in which you said you plead guilty to Possession of a hazardous tool. You stated, "I am guilty."
>
> Therefore, based on the evidence provided, the DHO determined you did not present sufficient evidence to refute the charge. Consequently, the DHO finds you committed prohibited act Possession of a hazardous tool, Code 108.

(ECF 7-4 at 4). Petitioner's conviction on this prison disciplinary matter resulted, amongst other sanctions, in the loss of forty-one (41) days of good conduct time as well as the loss of phone privileges for one year. (*See id.*).

Petitioner sought to first appeal then administratively grieve this finding. He complained about his placement in the Special Housing Unit ("SHU") because of the disciplinary finding and that his due process rights were violated because he was not permitted to appeal the disciplinary finding. (*See* ECF 1-1 at 1). Petitioner received a response that his administrative remedy was forwarded within forty-eight hours. (*See id.* at 2). Petitioner claims he did not receive a response to his administrative grievance and that the Unit Manager had failed to forward his appeal. (*See* ECF 1 at 2).

Subsequently, Petitioner filed this habeas petition. He claims in his habeas petition that he was placed in the SHU to prevent him from filing an appeal to the disciplinary finding. (*See* ECF 1 at 3). Thus, he seeks reversal of the disciplinary finding. He claims that he asked the Unit

Manager to make four copies of his appeal but that they were not returned to him. (*See id.* at 7). Petitioner states that he then spoke to the warden who indicated that he would "take care" of the issue so that Petitioner would not be "time-barred." (*See id.*).

Respondent opposes Petitioner's habeas petition. (*See* ECF 7). First, Respondent asserts Petitioner has not exhausted his administrative remedies. (*See* ECF 7 at 9-11). Next, Respondent claims Petitioner was afforded all procedural due process protections during his disciplinary proceedings. (*See id.* at 11-16). Respondent also claims that the DHO's findings were supported by "some evidence" and that the sanctions imposed were within the range of permitted sanctions. (*See id.* at 16-18).

Petitioner filed a reply in support of his habeas petition. In that reply, Petitioner asserts for the first time that the DHO forced him under duress to not use a witness at his hearing who could have testified that the officer picked up the cell phone from the floor who knew it did not belong to Petitioner. (*See* ECF 11 at 1). Furthermore, Petitioner asserts, also for the first time, that the DHO told Petitioner if he did not plead guilty that he was going to give him sixty days in the SHU and deny him phone privileges for two years. (*See id.* at 2).

Subsequently, Petitioner then filed a motion for summary judgment requesting that this case be adjudicated in his favor. (*See* ECF 19).

### III.   DISCUSSION

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As noted *supra*, Part II, Respondent argues that Petitioner failed to exhaust administrative remedies and/or that his petition lacks merit.

A. Exhaustion

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted). Exhaustion is required because it "(1) allow[s] the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permit[s] agencies to grant the relief requested conserves judicial resources; and (3) provid[es] agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62.

The BOP's administrative remedy system has several tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). With respect to exhausting administrative remedies of a DHO's decision, a petitioner appeals the DHO's decision using a BP-10 form "to the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal[ ]" for purposes of administratively exhausting a DHO decision. *Id.* Administrative exhaustion can be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served. *See Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (citations omitted). A prison's failure to provide an inmate with requested grievance forms can also excuse an inmate's failure to exhaust administrative remedies. *See e.g., Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).

Petitioner claims that any purported lack of exhaustion should be excused because he gave his appeal to the Unit Manager who never returned it. (*See* ECF 11 at 2). This Court will decline to decide this case on exhaustion grounds. Even if this Court were to conclude that Petitioner's lack of exhaustion should not be excused, in cases where a petitioner has failed to exhaust administrative remedies prior to filing a § 2241 petition, a court has discretion to either excuse the faulty exhaustion and reach the merits, or require the petition to exhaust administrative remedies before proceeding in court. *See Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006). This Court will use its discretion here to decide this case on the merits.

B. <u>Right to Appeal</u>

Petitioner first argues in his habeas petition that his due process rights have been violated because he was not afforded the right to appeal his prison disciplinary proceedings.

> Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20 (2008). When such a statutorily created right exists, "a prisoner has a constitutionally protected liberty interest in good time credit." *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-57, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). . . .
>
> [A] prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557, 94 S. Ct. 2963.

*Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013) (footnote omitted). These minimum protections are "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

Moreover, the United States Supreme Court has explained that procedural due process concerns dictate that the disciplinary ruling be factually supported: "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prisoner disciplinary [officer] are supported by some evidence in the record." *Id.* (internal quotation marks and citation omitted). The standard is "minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (per curiam) (citing *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is *any evidence* in the record that could support the conclusion reached by the disciplinary board.'" *Id.* (quoting *Hill*, 472 U.S. at 455-56) (emphasis added). Because "[r]evocation of good time credits is not comparable to a criminal conviction," the Supreme Court has explained, "[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Hill*, 472 U.S. at 456.

As courts have noted, however, "there is no constitutional right to administrative review of prison disciplinary proceedings." *See, e.g., Bowen v. Thomas*, No. 14-0037, 2016 WL 4271743, at *1 (M.D. Pa. Aug. 15, 2016) (citing *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983)); *Platt v. Brockenborough*, 476 F. Supp. 2d 467, 469–70 (E.D. Pa. 2007) ("prisoners have no constitutional right to appeal the results of a disciplinary hearing"). Thus, this claim is denied. *Accord Mathisen v. Ortiz*, No. 18-1435, 2020 WL 5640715, at *7 (D.N.J. Sept. 22, 2020) (denying habeas petitioner's claim regarding being denied administrative review of disciplinary proceedings). Thus, to the extent that Petitioner seeks habeas relief on the basis

that he was denied an administrative appeal of the DHO's findings, that claim lacks merit and is denied.

   C.  Placement in SHU

Next, Petitioner challenges his placement in the SHU. However, disciplinary segregation is not cognizable in this § 2241 action because it does not affect the fact or duration of Petitioner's confinement. *See Panell v. Zickefoose*, No. 12-6040, 2016 WL 4149973, at *1 n.1 (D.N.J. Aug. 3, 2016) (citing *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882 (3d Cir. 2007); *Bronson v. Demming*, 56 F. App'x 551 (3d Cir. 2002); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 n.5 (3d Cir. 2005)). Thus, this claim is denied.

   D.  "Some Evidence"

While not specifically alluded to in his habeas petition, Petitioner may be attempting to assert that the DHO's findings lacked "some evidence." This Court finds that the DHO had "some evidence" to find that Petitioner committed the violation. The facts relied upon by the DHO included the cell phone that the correctional officer stated was previously in Petitioner's possession. This is enough to satisfy the minimal "some evidence" standard. *See Lourido-Vidal v. Fisher*, No. 12-499, 2013 WL 3771223, at *10 (D. Minn. July 17, 2013) (citing *Allen v. Swarthout,* No. 10-3257, 2011 WL 6046444, at *3, 5 (E.D.Cal. Dec. 5, 2011); *Albert–Diaz v. Scism,* No. 10-2457, 2011 WL 950137, at *2, 8 (M.D. Pa. Jan. 20, 2011); *Doty v. Peters,* No. 08-771, 2009 WL 437714, at *1 (S.D. Ind. Feb. 20, 2009)) ("[T]he 'some evidence' standard is met for possession of a cell phone where the reporting officer saw the inmate handling the cell phone but the cell phone was not recovered directly from the inmate."). Thus, to the extent Petitioner seeks to challenge the DHO's findings for lacking "some evidence," such a claim is denied.

E.  Claims Raised for First Time in Reply Brief

In his reply brief, Petitioner asserts for the first time that the DHO threatened him to not present witnesses at his hearing and threatened him to plead guilty to the disciplinary charges. (*See* ECF 11 at 1-2). Petitioner did not raise these issues in either his initial habeas petition, nor even in his grievance regarding the disciplinary hearing process. Petitioner though cannot raise these new claims for the first time in a reply brief. *See, e.g.*, *Anderson v. Knight*, No. 22-7050, 2023 WL 5346571, at *3 (D.N.J. Aug. 21, 2023) (citing *McNeil v. Johnson*, No. 18-10003, 2019 WL 3805118, at *1 (D.N.J. Aug. 12, 2019); *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015); *Soto v. United States*, No. 04-2108, 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005), *aff'd*, 313 F. App'x 496 (3d Cir. 2008)) (declining to decide claim raised for first time in § 2241 reply brief). Thus, this Court declines to consider these two new claims raised for the first time in Petitioner's reply brief in support of his habeas petition.

F.  Petitioner's Motion for Summary Judgment

Finally, Petitioner has moved for summary judgment against Respondent. (*See* ECF 19). Petitioner's motion for summary judgment is inappropriate and unnecessary in these habeas proceedings given that the habeas petition is being denied. *See Weir v. Smith*, No. 20-2485, 2021 WL 11659986, at *9 (E.D. Pa. Apr. 8, 2021) (citing *Cool v. Pennsylvania*, No. 08-460, 2008 WL 2858310 (M.D. Pa. July 22, 2008), *report and recommendation adopted*, 2021 WL 11659985 (E.D. Pa. Apr. 28, 2021)); *Kmet v. Ortiz*, No. 19-9185, 2020 WL 2020 WL 1685648, at *1 n.1. (D.N.J. Apr. 7, 2020). Thus, this motion will be denied.

## IV.	CONCLUSION

For the foregoing reasons, Petitioner's motion for summary judgment is denied as is his petition for writ of habeas corpus. An appropriate order will be entered.


DATED: November 28, 2023					s/ Robert B. Kugler
								ROBERT B. KUGLER
								United States District Judge